IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

WASH DEPOT HOLDINGS, INC.,
a Delaware corporation,

                Plaintiff,

        v.

SPARKLING IMAGE DETAILING LLC,
a New Jersey limited liability company,

                Defendant.

_____

No. 1:23-cv-20413

**FINAL JUDGMENT AGAINST DEFENDANT SPARKLING IMAGE DETAILING LLC**

      **WHEREAS,** on September 15, 2023, Plaintiff Wash Depot Holdings, Inc. ("Wash Depot") commenced the present action for federal trademark infringement, federal unfair competition, federal trademark dilution, and federal trademark cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and for violations of corresponding state law, based upon Defendant Sparkling Image Detailing LLC's ("Defendant") alleged willful violations of Wash Depot's exclusive rights in eight trademarks, specifically, U.S. Trademark Registrations Nos. 3,324,615, 4,534,306, 3,339,939, 3,984,151, 5,883,467, 5,883,472, 6,741,217, and 6,741,219 (the "Wash Depot Marks"), (ECF No. 1) ; and

      **WHEREAS,** Defendant was served with the summons and complaint (the "Complaint") on October 5, 2023, and the deadline for Defendant to answer or otherwise move was October 26, 2023, (ECF Nos. 5, 6); and

**WHEREAS,** Defendant has failed to answer, plead or move with respect to the Complaint; and

**WHEREAS,** on November 8, 2023, the Clerk entered a default pursuant to Fed. R. Civ. P. 55(a); and

**WHEREAS,** Wash Depot has now moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), (ECF No. 20); and

**WHEREAS,** the Court has considered the appropriate factors including whether there has been proper service, whether the defendant has a meritorious defense, the prejudice to the party seeking default, and the culpability of the defendant, *Doug Brady, Inc. v. N.J. Bldg. Laborers State Wide Funds,* 250 F.R.D. 171, 177 (D.N.J. 2008), and has determined that Wash Depot is entitled to default judgment;

**THEREFORE,** it is on this <u>4th</u> day of <u>October,</u> 2024, **ORDERED:**

1. Judgment is entered in favor of Wash Depot and against Defendant on Count I, trademark infringement under 15 U.S.C. § 1114(1); Count II, unfair competition under 15 U.S.C. § 1125(a); Count III, trademark dilution under 15 U.S.C. § 1125(c); Count IV, trademark cyberpiracy under 15 U.S.C. § 1125(d); Count V, statutory trademark infringement under N.J. Stat. Ann. §56:3-13.16; Count VI, statutory unfair competition under N.J. Stat. Ann. § 56:4-1, *et seq.*; and Count VII for trademark infringement and unfair competition under the

common law of New Jersey.

2. Defendant and its officers, agents, members, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns shall be permanently enjoined and restrained from using the marks "Sparkling Image," "Sparkling Image Detailing" and others, or any colorable similar variants thereof on or in connection with the offering of car wash, car detailing, and related services and goods; from infringement of U.S. Trademark Registrations Nos. 3,324,615, 4,534,306, 3,339,939, 3,984,151, 5,883,467, 5,883,472, 6,741,217, and 6,741,219; from unfairly competing with Wash Depot; and from engaging in unfair and deceptive trade practices.

3. Defendant and its officers, agents, members, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns are hereby **ORDERED** as follows:

(a) To cease and desist from using any marks that include "sparkling image" or similar marks owned by Wash Depot;

(b) To cease and desist from using the website domain <sswash.com/sparkling-image-detailing-abescon-atlantic-county-new-jersey/> and Facebook social media domain <www.facebook.com/SparklingImageAutoDetailing> in connection with car wash, car detailing services, or related services, as well as any website domain and/or social media

site that includes "sparkling image" or similar marks owned by Wash Depot; and

   (c) To forfeit or cancel the domain <sswash.com/sparkling-image- detailing-abescon-atlantic-county-new-jersey/>; and

   (d) To cease use and/or distribution of all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, website addresses and other material incorporating or reproducing the infringing marks prohibited therein.

 4. Wash Depot is awarded statutory damages of **$30,000.00** against Defendant; and

 5. Wash Depot is awarded attorneys' fees of **$26,707.48** against Defendant, for a total judgment of **$56,707.48**; and

 6. The Court shall retain continuing jurisdiction for purposes of interpreting and enforcing the terms of this Final Judgment.

          */s/ Christine P. O'Hearn*
          _____
          CHRISTINE P. O'HEARN, U.S.D.J.